IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

CHRISTOPHER PALMER,

    Plaintiff,

vs.                                   No. 07-2842-B/P

DISTRICT ATTORNEY GENERAL'S
OFFICE, et al.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED
<u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> AFFIDAVIT OR PAY THE CIVIL FILING FEE

---

On November 28, 2007, Plaintiff Christopher Palmer filed a <u>pro</u> <u>se</u> complaint pursuant to 42 U.S.C. § 1983, along with an application seeking leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and appointment of counsel.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $350. 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an <u>in</u> <u>forma</u> <u>pauperis</u> affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking <u>in</u> <u>forma</u> <u>pauperis</u> standing must respond fully to the questions on the

Court's in forma pauperis form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v. Federal Bur. of Prisons, 30 F. App'x 574 (6th Cir. 2002); Broque v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

In this case, Palmer's in forma pauperis affidavit is insufficient to permit a conclusion that he is unable to pay the civil filing fee or to provide security therefor. Page two of the affidavit states that Plaintiff is divorced and does not disclose whether he is paying any support or any form of maintenance, yet page three says that Plaintiff is paying $900 per month in alimony, maintenance, or child support. Page two of the affidavit reflects that Palmer has two children living at home, but page three indicates he is receiving an unspecified welfare payment for himself only. The residence address listed on page two of the affidavit does not match Plaintiff's address of record. He has not disclosed how long he has been unemployed (assuming he is unemployed) or any information pertaining to his most recent employment. Plaintiff also has not revealed the nature of the welfare or unemployment benefits he is receiving and the date on which those benefits commenced. Finally, as the amount of the alimony, maintenance, or child support listed on page three far exceeds Plaintiff's stated monthly income, it is conceivable that he is receiving these payments.

Plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to file a properly completed in forma

pauperis affidavit or pay the civil filing fee. The Clerk is directed to send Plaintiff a copy of the nonprisoner in forma pauperis affidavit along with this order.

Failure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 3rd day of January, 2008.

        s/ J. DANIEL BREEN
        UNITED STATES DISTRICT JUDGE